**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| RONNIE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>eMortgage Funding, LLC, and<br>Samer Ajami,<br><br>Defendants. | ) | Case No. 2:26-cv-11202 |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**
**<u>AND SUPPORTING BRIEF</u>**

Defendants eMortgage Funding LLC ("eMortgage") and Samer Ajami, through undersigned counsel, move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint asserts four indistinguishable TCPA counts without identifying the statutory provisions allegedly violated or the communications purportedly giving rise to liability, relies on conclusory allegations regarding unidentified calls and text messages, and asserts state-law claims that fail as a matter of law. Even accepting Plaintiff's allegations as true, the Complaint fails to state a plausible claim for relief. Dismissal is therefore required.

Pursuant to Local Rule 7.1(a), Defendants sought Plaintiff's concurrence in the relief requested herein prior to filing this Motion. Plaintiff did not respond, and concurrence was therefore not obtained.

## I. BACKGROUND

Plaintiff alleges that eMortgage Funding LLC, through Defendant Samer Ajami and other representatives, contacted Plaintiff by telephone and text message regarding mortgage financing services. Compl. ¶13. According to the Complaint, Plaintiff was in the process of obtaining mortgage financing during the relevant period and communicated with individuals regarding mortgage-related products and services. *Id*. ¶¶ 14, 17.

Plaintiff alleges that, during one subsequent communication, he requested that further communications with eMortgage cease and later requested placement on eMortgage's internal do-not-call list. *Id*. ¶¶ 17, 23. Plaintiff further alleges that Defendants nevertheless continued contacting him through additional telephone calls and text messages. *Id*. ¶¶ 17–23.

Plaintiff also alleges that his telephone number was listed on the National Do Not Call Registry. *Id*. ¶ 24. Plaintiff includes a chart purporting to identify text-message communications, but the chart contains only dates and times and does not identify the sender, recipient, telephone numbers involved, message content, or which Defendant allegedly transmitted the messages. *Id*. ¶ 20. Plaintiff also attaches a call log reflecting numerous alleged communications occurring from December through March 2025. *Id*., Ex. A. The "Samer Ajami Call log" references various calls both answered and missed or declined. *Id*., Ex. A.

Based on these allegations, Plaintiff asserts eight causes of action: (1) – (4) unspecified violations of the TCPA 47 U.S.C. § 227 against both Defendants; (5) violation of Michigan Do Not Call law, MCLA §445.111a and §445.111c, against both Defendants; (6) intentional infliction of emotional distress against both Defendants; (7) negligent infliction of emotional distress against both Defendants; and (8) civil conspiracy presumably against eMortgage. *Id*. ¶¶42-162. None of the first four counts identifies the specific TCPA provision allegedly violated, the communications underlying the claim, or how the counts differ from one another.

Plaintiff seeks statutory damages, enhanced damages, punitive damages, exemplary damages, attorney's fees, injunctive relief barring future contact, and costs. *Id*. at various Prayers for Relief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

### A. Plaintiff's State Law Claims Fail as a Matter of Law

#### 1. Intentional Infliction of Emotional Distress

Plaintiff asserts a claim for intentional infliction of emotional distress based upon alleged telephone calls and text messages concerning mortgage-related services. Compl. ¶¶117-129. The elements of intentional infliction of emotional distress ("IIED") are (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Roberts v. Auto-Owners Ins Co.*, 422 Mich. 594, 602, 374 N.W.2d 905 (1985). "The threshold for showing extreme and outrageous conduct is high," and "[n]o cause of action will necessarily lie even where a defendant acts with tortious or even criminal intent." *Saad v. Healthgrades Marketplace*, LLC, 788 F. Supp. 3d 809, 823 (E.D. Mich. 2024) (noting that "liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities"). "Such conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 678 (6th Cir. 2018) (noting that in *Jones v. Muskegon Cty.*, 625 F.3d 935 (6th Cir. 2010), a nurse's decision to

ignore a decedent's request for medical assistance for several months did not establish intentionally as to establish an IIED claim under Michigan law).

At most, the Complaint alleges unwanted commercial communications and an alleged failure to honor requests that communications cease. Even accepting those allegations as true, such conduct does not constitute the type of extreme and outrageous behavior necessary to support an intentional infliction of emotional distress claim. The conduct at issue in TCPA do-not-call cases — unwanted solicitation calls — readily falls into the category of "annoyances" and "trivialities" that *Roberts, Brent, and Saad* expressly excluded from actionable IIED conduct. Because the conduct alleged in the Complaint cannot satisfy the required standard as a matter of law, Count VI should be dismissed.

**2. Negligent Infliction of Emotional Distress**

Plaintiff's claim for negligent infliction of emotional distress fails as a matter of law. "Claims for negligent infliction of emotional distress under Michigan law are limited to bystander recovery, —*i.e.*, cases in which the plaintiff witnessed an injury to a third party." *Courser v. Allard*, 969 F.3d 604, 621 (6th Cir. 2020). Plaintiff alleges no such facts here. Instead, Plaintiff alleges that Defendants contacted him regarding mortgage-related services and that he experienced emotional distress as a result. Compl. ¶¶130-155. Plaintiff does not allege that he witnessed injury to a third party, nor does he allege facts bringing his claim within any recognized category of

bystander recovery. Because Plaintiff has failed to allege the elements necessary to support a negligent infliction claim, Count VII should be dismissed.

**3. Civil Conspiracy**

Plaintiff's civil conspiracy claim likewise fails as a matter of law. Under Michigan law, "[a] civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 709 (E.D. Mich. 2021). To state a claim, a plaintiff must plausibly allege "a single plan," that the alleged conspirators "shared in the general conspiratorial objective," and that an overt act was committed in furtherance of the conspiracy that caused injury. *Id*.

The Complaint contains no factual allegations plausibly establishing the existence of any agreement among Defendants. Plaintiff does not allege when any agreement was formed, who entered into it, how it was reached, what its terms were, or what facts establish a meeting of the minds. Instead, Plaintiff merely alleges that Defendants acted together and therefore must have conspired.

Such conclusory allegations are insufficient under *Twombly* and *Iqbal*. *See Detroit Will Breathe*, 524 F. Supp. 3d at 712 (dismissing civil conspiracy claim where the pleading failed to allege facts making it plausible that defendants shared a common conspiratorial objective).

Defendants further seek dismissal based on the single-consciousness rule set forth in *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984). "The general rule is that a corporation does not "conspire" with its own agents or employees when the agents or employees are acting within the scope of their employment and not for personal purposes." *Financing, LLC v. Breezer Holdings, LLC*, No. 2021-191738-CB, 2022 WL 22919342, at *6 (Mich.Cir.Ct. Dec. 05, 2022). Pursuant to the intracorporate-conspiracy doctrine, officers of an entity generally cannot commit a conspiracy when they are acting in their official capacities on behalf of the entity. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). Plaintiff's conspiracy claim fails as the Complaint alleges that the Defendant eMortgage Funding conspired with its own agents.

Moreover, civil conspiracy is not an independent cause of action under Michigan law and cannot exist "in the air" absent an underlying actionable tort. *Detroit Will Breathe* at 710. Because Plaintiff has failed to state a viable claim for intentional infliction of emotional distress or negligent infliction of emotional distress, the conspiracy claim necessarily fails as well.

Accordingly, Count VIII should be dismissed.

**4. Plaintiff's Requests for Punitive Damages, Exemplary Damages, and Attorney's Fees**

Plaintiff seeks punitive damages, exemplary damages, and attorney's fees. Compl. at various Prayers for Relief ¶¶42-162. The TCPA provides specific, limited

statutory remedies. 47 U.S.C.A. § 227.[1] Plaintiff has not identified any statutory basis authorizing recovery of punitive damages, exemplary damages, or attorney's fees under the claims asserted. Accordingly, those requests should be dismissed or stricken. *See German Free State of Bavaria v. Toyobo Co.*, 480 F. Supp. 2d 958, 969 (W.D. Mich. 2007) ("Defendant argues Plaintiffs have failed to state a claim as to Exemplary Damages because such a claim does not exist in Michigan."); *Huntington Nat'l Bank v. AIG Specialty Ins. Co.*, No. 23-3039, 2024 WL 374571, at *9 (6th Cir. Feb. 1, 2024) ("there was no evidence that Congress intended TCPA damages to be punitive"); *Parchman v. SLM Corp.*, 896 F.3d 728, 740 (6th Cir. 2018) (stating that TCPA is remedial in nature).

## B. Plaintiff Fails to State a Claim Under the Remaining Causes of Action

### 1. The TCPA Claims

a) Plaintiff Fails to Identify the TCPA Claims Asserted.

Counts I through IV fail at the outset because the Complaint does not identify the TCPA provisions allegedly violated or the communications purportedly giving

[1] These provisions enumerate three categories of relief: (A) injunctive relief to enjoin a violation; (B) recovery of actual monetary loss or $500 in statutory damages per violation, whichever is greater; and (C) both such actions. Where a defendant acted willfully or knowingly, the court may—in its discretion—increase the award to not more than three times the amount otherwise available under subparagraph (B). This trebling provision is the statute's sole enhancement mechanism. The statute is silent as to punitive damages, exemplary damages, and attorney's fees.

rise to liability. This omission is significant because the TCPA creates multiple distinct causes of action with different elements, defenses, and remedies. For example, claims under 47 U.S.C. § 227(b) require allegations concerning the use of an automatic telephone dialing system, prerecorded voice, or artificial voice, whereas claims under 47 U.S.C. § 227(c) concern calls made in violation of the National Do Not Call Registry or a seller's internal do-not-call procedures. Likewise, a National Do Not Call claim under 47 C.F.R. § 64.1200(c) requires allegations that the plaintiff's number was registered on the National Do Not Call Registry for the requisite period and that the defendant initiated more than one qualifying telephone solicitation within a twelve-month period, while an internal do-not-call claim under 47 C.F.R. § 64.1200(d) focuses on a defendant's policies, procedures, training, and maintenance of internal do-not-call lists.

Yet Counts I through IV repeatedly reference the broad TCPA statute and certain regulations without clearly identifying which specific regulatory or statutory provisions form the basis of each count. Compl. ¶¶42-113. Instead, Plaintiff broadly alleges violations of the TCPA while incorporating dozens of paragraphs of allegations concerning calls, texts, purported do-not-call requests, and unidentified communications. As a result, Defendants cannot determine which communications allegedly support which claims, which facts are intended to satisfy the elements of each claim, or which Defendant allegedly engaged in the conduct at issue. *Dobronski*

*v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *9 (E.D. Mich. Sept. 17, 2025) ("Plaintiff has not alleged any fact that "allows the court to draw the reasonable inference that," *Iqbal*, 556 U.S. at 678 (citation omitted), [a defendant] made a call to Plaintiff.").

The confusion is compounded by Plaintiff's call log. Compl., Ex. A. Plaintiff fails to identify the telephone number from which any of the communications originated, the telephone number that allegedly received the communication, or the identity of the purported caller. Numerous entries identify only "Stella Louis," "Dominic," "Lorenzo," or an "unknown eMortgage employee," without alleging facts establishing who those individuals are, whether they were employed by eMortgage, or whether they acted on behalf of either Defendant. Other entries reference missed calls, declined calls, ignored calls, or unanswered calls without identifying the caller or the substance of the communication.

The Complaint suffers from the same deficiency with respect to Plaintiff's text-message allegations. Paragraph 20 contains only a chart listing dates and times of purported text messages. Plaintiff does not identify the sending telephone number, the receiving telephone number, the content of the messages, who allegedly sent them, or which Defendant was supposedly responsible for them. As pleaded, Defendants cannot determine whether the referenced messages are even attributable to Defendants, much less which TCPA theory those messages purportedly support.

Such allegations do not provide fair notice of the claims asserted or the grounds upon which those claims rest. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Accordingly, Counts I through IV fail to provide fair notice of the TCPA theories asserted and should be dismissed.

b) Plaintiff Fails to State a Claim Under the Internal Do-Not-Call Regulations.

To the extent Counts I through IV are intended to assert claims under the TCPA's internal do-not-call regulations, those claims fail for an additional reason. The internal do-not-call regulations require telemarketers to institute procedures for maintaining internal do-not-call lists, train personnel in the use of those procedures, record consumer requests, and maintain compliance systems. 47 C.F.R. § 64.1200(d).

The Complaint relies almost entirely on boilerplate allegations that Defendants failed to honor do-not-call requests. Aside from a single allegation that Plaintiff requested placement on eMortgage's internal do-not-call list, Compt. ¶23, Plaintiff does not allege that Defendants failed to maintain compliant procedures, failed to train personnel, failed to maintain internal do-not-call lists, and otherwise failed to comply with applicable regulations.

Because the Complaint fails to clearly distinguish between National Do Not Call and internal do-not-call theories, and because Plaintiff has failed to plausibly allege a violation of 47 C.F.R. § 64.1200(d), Counts I through IV should be

dismissed to the extent they are based upon the TCPA's internal do-not-call regulations.

c) Plaintiff Fails to State a Claim Under the National Do-Not-Call Regulations.

To the extent Counts I through IV are intended to assert claims under the TCPA's National Do Not Call regulations, 47 C.F.R. § 64.1200(c), those claims likewise fail because the Complaint does not plausibly allege which communications form the basis of those claims.

As discussed above, Plaintiff's call log references numerous communications involving unidentified individuals, including "Stella Louis," "Dominic," "Lorenzo," and an "unknown eMortgage employee." Compl., Ex. A. The Complaint likewise relies on missed calls, declined calls, ignored calls, and unanswered calls without alleging who placed those calls, whether they were made on behalf of Defendants, or whether they constituted actionable telephone solicitations.

Plaintiff therefore asks the Court to assume that unidentified calls and text messages were initiated by Defendants and violated the National Do Not Call regulations. But Paragraph 20 provides only dates and times of purported text messages and does not identify the sender, recipient, content, or telephone numbers associated with those communications. Compl. ¶ 20. Such conclusory allegations are insufficient. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Dobronski v.*

*Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *8 (E.D. Mich. Sept. 17, 2025).

Accordingly, to the extent Counts I through IV are premised upon alleged violations of the National Do Not Call regulations, those claims should be dismissed.

d) Plaintiff Fails to Plausibly Allege Willful or Knowing Conduct.

Plaintiff seeks treble damages but alleges only that Defendants acted "willfully" or "knowingly." Such allegations merely recite the statutory standard. The Complaint contains no factual allegations suggesting that Defendants knew Plaintiff's number was on the National Do Not Call Registry, knew that any communication violated applicable regulations, or otherwise acted with the level of intent necessary to support enhanced damages. *See Duchene v. OnStar*, LLC, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) (dismissing willfulness allegations where plaintiff failed to plead facts showing defendant knew or should have known the challenged calls were unauthorized). Accordingly, Plaintiff's request for treble damages should be dismissed.

e) Plaintiff Fails to Plausibly Allege Independent Liability Against Ajami.

All Counts, to the extent they are asserted against Defendant Ajami, fail for the additional reason that Plaintiff does not plausibly allege an independent basis for liability against Ajami. The Complaint alleges that Ajami was or is an employee of eMortgage (Compl. ¶4) and acted as a loan officer or representative of eMortgage.

Plaintiff does not allege that Ajami created, implemented, supervised, maintained, or controlled eMortgage's internal do-not-call policies, employee training, recordkeeping systems, or compliance procedures. Yet Plaintiff pleads no facts showing that Ajami personally maintained, implemented, or controlled the policies and procedures that form the basis of the alleged TCPA violations. As such, the claims against Ajami must be dismissed.

**2. Michigan Statutory Claim**

Count V, asserting a violation of Michigan's telephone solicitation statute, fails for several reasons. First, the statute provides relief for consumers who register their telephone number on the state's Do Not Call registry. Plaintiff does not allege that he registered himself or his telephone number on Michigan's Do Not Call list. Second, the Complaint relies primarily upon the allegation that Defendants continued communicating with Plaintiff after he requested that communications cease. But Plaintiff does not plausibly allege facts establishing that Defendants' conduct falls within the specific statutory provisions cited. Instead, Plaintiff relies upon broad statutory recitations and legal conclusions. Such allegations are insufficient to state a claim under *Twombly* and *Iqbal*. *See Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *8 (E.D. Mich. Sept. 17, 2025) ("These generalized and conclusory allegations fail to state what exactly [defendant] did; without more specific facts, the allegations do not meet even

the low threshold necessary to survive a motion to dismiss."). Accordingly, Count V should be dismissed.

## IV. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS DEFECTIVE

Plaintiff seeks injunctive relief, but the Complaint does not allege facts showing a real and immediate threat of ongoing or future harm. “[W]hile past illegal conduct might constitute evidence regarding whether there is a real and immediate threat of repeated injury, where the threat of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief.” *Cox v. Blue Cross Blue Shield of Michigan*, 166 F. Supp. 3d 891, 899 (E.D. Mich. 2015). Plaintiff’s allegations focus on past communications and do not plausibly allege that the challenged conduct is ongoing or likely to recur, nor that he is under an immediate threat of being injured in the future. Where the alleged conduct has ceased, injunctive relief is unavailable. Accordingly, Plaintiff’s request for injunctive relief should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants eMortgage Funding LLC and Samer Ajami respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), dismiss Plaintiff's requests for treble damages, punitive damages, exemplary damages, attorney's fees, and injunctive relief, and grant such other and further relief as the Court deems just and proper.

Date: June 5, 2026

Respectfully submitted,

**eMortgage Funding, LLC, and**
**Samer Ajami**

By: */s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
ARONBERG GOLDGEHN
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

By: */s/ James J. Sarconi*
James J. Sarconi (P66101)
SMITH & SARCONI PLC
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com

*Attorneys for Defendants.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I caused a copy of the foregoing motion, along with all supporting papers, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: June 5, 2026

Respectfully Submitted,

/s/ Khoa Trinh
Aronberg Goldgehn