UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Ronnie Davis,

Plaintiff

Case No. 2:26-cv-11202-SJM-DRG

v.

eMortgage Funding LLC,

&

Hon. Stephen J. Murphy, III

Samer Ajami, an individual residing in the State of Michigan

Jointly and Severally

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, Ronnie Davis, by and through his counsel Gudeman & Associates, P.C., respectfully states the following as his Response to Plaintiff's Motion to Dismiss First Amended Complaint. Defendants bring their motion pursuant to Federal Rule of Civil Procedure 12(b)(6). However, Plaintiff's First Amended Complaint states plausible claims for relief and therefore dismissal is not warranted under FRCP 12(b)(6).

Dated: July 27, 2026

Respectfully submitted:
Gudeman & Associates, P.C.

/s/ Edward J. Gudeman
Edward J. Gudeman (P-14454)
Gudeman & Associates, P.C.
Attorneys for Plaintiff
401 N. Main Street
First Floor
Royal Oak, Michigan 48067
Phone: 248-546-2800

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I caused a copy of the foregoing Response to Motion, along with all supporting documents, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: July 27, 2026.

Respectfully Submitted:

/s/ Samantha Miller
Samantha Miller

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Ronnie Davis,

Plaintiff

Case No. 2:26-cv-11202-SJM-DRG

v.

eMortgage Funding LLC,
A Michigan Limited Liability Company

&

Hon. Stephen J. Murphy, III

Samer Ajami, an individual residing in the
State of Michigan

Jointly and Severally

---

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS


I. BACKGROUND ............................................................ 1

II. LEGAL STANDARD ...................................................... 2

III. ARGUMENT ............................................................ 4

A. Counts I and II State Plausible TCPA Claims ..................... 4

1. Plaintiff's First Amended Complaint Identifies the TCPA Theories Asserted ........................................ 4

2. Plaintiff States a Valid Claim Under the Internal Do-Not-Call Regulations ......................................... 8

3. Plaintiff States a Valid Claim Under the National Do-Not-Call Regulations ......................................... 9

4. Plaintiff Alleges Willful and/or Knowing Conduct ............ 9

5. Plaintiff Plausibly Alleges Individual Liability Against Defendant Ajami ........................................ 10

B. Count III States a Valid Claim Under Michigan's Home Solicitation Sales Act ........................................ 11

C. Plaintiff's Request for Injunctive Relief is Appropriate .......... 13

IV. CONCLUSION ....................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)…………………………………… 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)………………… 3, 8, 11

*Dobronski v. Juliasangel Mktg., LLC*,
2025 U.S. Dist. LEXIS 182595, *20 (2025)…………………….. 5, 6, 12

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007)……………………………….. 3, 4

*Guzman v. Acuarius Night Club LLC,* 167 F.4th 217, 221 (2026)…………. 2

*Maitland v. Fishbein*, 712 Fed. Appx. 90, 91 (2018)………………………… 3

*Reilly v. Davids Nat. Toothpaste, Inc.*,
2026 U.S. Dist. LEXIS 84252, *8 (2026)…………………………… 2, 3

*Ritchie v. St. Louis Jewish Light*,
2010 U.S. Dist. LEXIS 10579 *2-3 (2010)……………………………… 3

*Skinner v. Switzer*, 562 U.S. 521, 530 (2011)………………………………… 5

*United States v. Dish Network L.L.C.,* 954 F.3d 970, 976 (2020)………….. 7

*Wallack v Mercantile Adjustments Bureau, Inc.,*
No. 14-10387, 2014 WL 1515852 E.D. Mich. Apr. 18, (2014)…… 6, 7

## Statutes

47 C.F.R § 64.1200 ……………………………………………………….. 2

47 C.F.R § 64.1200(c) ……………………………………………………. 4

47 C.F.R § 64.1200(d) ……………………………………………………. 4

47 U.S.C. § 227 ………………………………………………………… 2, 4

47 U.S.C. § 227(c)(5)(B) ........................................................ 10

MCLA §445.111a ........................................................................ 2, 12

MCLA §445.111c(1)(g) ........................................................................ 12

## I. BACKGROUND

Plaintiff alleges that eMortgage Funding, LLC, ("eMortgage") through its representatives, including Defendant Samer Ajami, ("Ajami") contacted Plaintiff by telephone and text message regarding mortgage financing services. First Amended Complaint ("FAC") ¶¶ 11-14. At the time, Plaintiff was in the process of obtaining mortgage financing. *Id.* ¶ 23. Plaintiff told Defendants that he was not interested in obtaining financing from Defendant eMortgage and to stop calling him. *Id.* ¶ 16-17. Phone calls from Defendants continued and Plaintiff requested to be placed on Defendants' Internal Not Call list as a result. *Id.* ¶ 25.

This request was ignored and Defendants continued contact him through additional calls and text messages. *Id.* ¶ 25-37. These calls continue to the present day. The FAC identifies the number of calls in FAC Exhibit A. While it is not always known exactly who made the calls, the calls are attributable to Defendant eMortgage as they are made by their employees/and or agents and to Defendant Ajami as they are made by him, or those under his supervision.

Plaintiff also added his phone number to the National Do Not Call Registry. Plaintiff's FAC also included a chart showing dates that he received text message communications from Defendants and/or their representatives.

*Id.* ¶ 20. The FAC's Exhibit A also contains the dates, times, and phone numbers of calls he received, as well how the individuals identified themselves on the calls. FAC Exhibit A also includes numerous ignored, declined, and/or unanswered calls.

Based upon these allegations, Plaintiff filed their First Amended Complaint asserting three Claims against Defendants: 1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R § 64.1200, against Defendant eMortgage Funding, LLC; 2) violation of the TCPA against Defendant Samer Ajami; and 3) violation of the Michigan Telephone Solicitation Act, MCL 445.111a *et seq.* against both Defendants. Plaintiff seeks statutory damages, treble damages, injunctive relief, attorney's fees, costs, and other such relief the court deems Appropriate in the FAC.

## II. LEGAL STANDARD

A motion to dismiss under FRCP 12(b)(6) seeks dismissal of a Plaintiff's complaint for failure to state a claim upon which relief can be granted. This motion, authorized by Federal Rule of Civil Procedure 12(b)(6), challenges solely the legal sufficiency of the complaint, with the assumption that the facts alleged in it are true. *Guzman v. Acuarius Night Club LLC,* 167 F.4th 217, 221 (2026). "A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted if the plaintiff fails to proffer "enough facts to state

a claim to relief that is plausible on its face."" *Reilly v. Davids Nat. Toothpaste, Inc.*, 2026 U.S. Dist. LEXIS 84252, *8 (2026). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a manner favorable to the plaintiff. *Maitland v. Fishbein*, 712 Fed. Appx. 90, 91 (2018). A complaint need not provide specific facts in support of her allegations but must include sufficient grounds on which the claim rests, and to raise a right to relief above a speculative level. *Ritchie v. St. Louis Jewish Light*, 2010 U.S. Dist. LEXIS 10579 *2-3 (2010). “Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

“Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## III. ARGUMENT

### A. Counts I and II State Plausible TCPA Claims

#### 1. Plaintiff's First Amended Complaint Identifies the TCPA Theories Asserted

Count I and II of Plaintiff's Amended Complaint Identify the TCPA theories asserted. By Defendants' own admission Plaintiff identifies 47 U.S.C. § 227 and 47 C.F.R § 64.1200(c) and (d) in their Amended Complaint. Defendants' argument rests upon allegations that Plaintiff's Complaint "fails to identify which alleged communications violated which statutory or regulatory provisions." See Defendant's Brief Supporting Motion to Dismiss First Amended Complaint ("Defendant's Brief") Pg. 3, Lines 13-14.

However, this is not true. Plaintiff's Amended Complaint states that he told Defendant he was not interested, that he was on the do not call list, and to stop calling him on December 10, 2025, at 8:27pm. FAC ¶ 46. Plaintiff's FAC continues to state that on all future calls, Plaintiff continued to inform Defendants of such. *Id* ¶ 47-49. From these paragraphs, it is clearly shown that any calls and text messages that came after the call on December 10, 2025, at 8:27pm violated the statutory and regulatory provisions.

As to Defendants' claim that Plaintiff combining theories into the same counts without identifying which allegations supports which theory, Plaintiff fails to provide Defendants with fair notice of the claims asserted, Defendants are incorrect as to what constitutes fair notice of the claims asserted. "Under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Plaintiff's Complaint clearly states a short and plain statement of their claims.

Plaintiff's Amended Complaint is also factually distinct from the authority in *Dobronski* cited by Defendants in their Brief. Unlike *Dobronski*, Plaintiffs do not group plead these claims against Defendant. Claim I is distinctly against Defendant eMortgage Funding Company. Claim II is distinctly against Defendant Samer Ajami. There is no group pleading against the Defendants like there was in *Dobronski*. Defendants are therefore easily able to determine which communications support which claims as each Claim distinctly lays this out in the body of the claim.

This is not the only way Plaintiff's Amended Complaint is factually distinct from *Dobronski*. In *Dobronski* a key component of the dismissal of

Plaintiff's claim was that Plaintiff had failed to plausibly allege an agency relationship between the caller and the moving Defendants. *Dobronski v. Juliasangel Mktg., LLC*, 2025 U.S. Dist. LEXIS 182595, *20 (2025). Plaintiff's Amended Complaint actually alleges an agency relationship between the Defendants numerous times. Plaintiff alleges Defendant Samer Ajami is or was an employee of Defendant eMortgage Funding Company. FAC ¶ 4 and 12. Plaintiff alleges Defendant Samer Ajami was given Plaintiff's name as a lead by Defendant eMortgage. *Id* ¶ 13. Plaintiff alleges numerous actions taken by Defendant Ajami either on behalf of or for the purposes of soliciting business for Defendant eMortgage. *Id* ¶ 14-15 and 37. Plaintiff also alleges Defendant Ajami worked in concert with other employees, agents, or representatives of Plaintiff to make the illegal calls and text messages to Plaintiff. *Id* ¶ 33-37. Plaintiff has therefore plausibly alleged an agency relationship between the callers and Defendants, and as a result have provided fair notice of the basis of the claims against Defendants.

Defendants then cites *Wallack v Mercantile Adjustments Bureau, Inc.,* No. 14-10387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014) where the court dismissed Plaintiff's complaint for failing to plead the number if allegedly unlawful calls, approximate dates and times, of the calls and the factual allegations to support defendant's liability. However, the number of calls,

along with their dates and times, is attached by Defendant in their FAC Exhibit A, which Defendants later claim causes more confusion. Defendants cannot claim both that Defendants did not follow the standards set forth by the Court in *Wallack* and also try to fault Plaintiff for doing so.

Defendants also claim Plaintiff pleads the numbers in FAC Exhibit A plead no identifying facts as to who the numbers belonged to, or why they are attributed to Defendants. However, Plaintiff's notes on FAC Exhibit A clearly show these callers later identified themselves on the call as later being from Defendant eMortgage.

As to calls that went unanswered, FAC Exhibit A shows them to be from the same telephone numbers as the known calls from Defendants. Because the regulations restrict the "initiation" of outbound calls and seek to protect subscribers from receiving telephone solicitations to which they object. The violation is therefore the call*. United States v. Dish Network L.L.C.,* 954 F.3d 970, 976 (2020). This means the fact that the call went unanswered is irrelevant as to whether the call violates the statutes.

Plaintiffs have therefore provided notice to Defendants of the claims asserted and plead sufficient facts to state plausible claims. Accordingly, Counts I and II should not be dismissed.

### 2. Plaintiff States a Valid Claim Under the Internal Do-Not-Call Regulations.

Defendants claim Plaintiff identifies no facts such as employee statements, admissions, company policies, training materials, regulatory findings, from which it can infer Defendants lacked compliant internal do-not-call procedures. However, Plaintiff cannot make these allegations as prior to discovery, Plaintiff has no way of acquiring these items.

As previously stated, it is only required that the Plaintiffs infer an agreement at the pleading stage. The Amended Complaint simply must show enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. *Bell Atl. Corp.* at 556. Plaintiff alleges he requested placement on eMortgage's internal do-not-call list, and it is his belief Plaintiff failed to maintain compliant procedures and that Ajami ignored any procedures if they existed. FAC ¶ 29. Plaintiff alleges Defendants either failed to maintain and abide by an Internal Do Not Call List by pursuing calls against someone who requested being put in the Internal Do Not Call List. *Id* ¶ 41-42. Plaintiff also alleges that calls continued by Defendant Ajami or other Representatives of Defendant eMortgage under Defendant Ajami's control and direction. *Id* ¶ 33.

Plaintiff has therefore shown enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement, and

Counts I and II should not be dismissed to the extent they are premised on the internal do-not-call regulations.

**3. Plaintiff States a Valid Claim Under the National Do-Not-Call Regulations.**

Defendants next claim Plaintiffs do not plausibly identify which communications constitute actionable telephone solicitations under the regulation. Defendants repeat their arguments regarding missed calls, attribution of calls to Defendants, and text messages, and their failure to plausibly allege them to Plaintiff's claim regarding violations of the National Do Not Call regulations. Plaintiff has already addressed these arguments in pages 11-13 of this brief and incorporates those arguments again here.

Accordingly, Counts I and II of Plaintiff's Amended Complaint should not be dismissed to the extent that they are premised upon alleged violations of the National Do Not Call regulations.

**4. Plaintiff Alleges Willful and Knowing Misconduct.**

Defendants claim Plaintiff pleads no facts that Defendants knowingly or willingly violated the TCPA or its implementing regulations. However, Plaintiff's Amended Complaint shows that Defendants knew or should have known they were violating the TCPA or its implementing regulations. Plaintiff's Amended Complaint states that Plaintiff requested several times that Defendant Ajami stop contacting him, FAC ¶ 17 and 46-48, that Plaintiff

requested to be placed on Defendant eMortgage's Do Not Call list, *Id* ¶ 25, and informed Defendant Ajami of his registering his phone number on the National Do Not Call List, *Id* ¶ 27, 46-48, and Exhibit A. Plaintiff then alleges the phone calls and text messages continued. Defendants cannot claim to not be willfully or knowingly making illegal communications when they had been notified of Plaintiff's do not call status on numerous occasions.

Therefore, treble damages are appropriate under 47 U.S.C. § 227(c)(5)(B).

**5. Plaintiff Plausibly Alleges Individual Liability Against Defendant Ajami**

Count II plausibly alleges an independent basis for imposing liability upon Defendant Ajami. Defendant Ajami made illegal calls and text messages to Plaintiff. Plaintiff's allegations of Defendant Ajami having participated in making illegal calls and text messages himself as well as FAC Exhibit A showing Defendant Ajami's phone number are enough to show Defendant Ajami's personal involvement.

Plaintiff alleges Defendant Ajami has control over other Defendant eMortgage's employees and that he directed them to contact Plaintiff. Plaintiff does not have to allege specifically how he did so in his complaint. As previously stated, all that is required of Plaintiff is to simply call for enough

fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. *Bell Atl. Corp.* 556. Plaintiff has met this burden.

Accordingly, Plaintiff has alleged an independent basis for liability upon Defendant Ajami and Count II should not be dismissed.

### B. Count III States a Valid Claim Under Michigan's Home Solicitation Sales Act

Plaintiff has stated a valid claim under Michigan's Home Solicitation Sales Act. Defendant claims Plaintiff's FAC does not identify which alleged communications violated MHSSA, which Defendant made the communications, or which specific statutory provisions were allegedly violated.

Plaintiff's Count III incorporated the prior allegations by reference. These prior allegations include: Plaintiff telling Defendant Ajami he was not interested in hiring Defendants and to stop contacting him, FAC ¶ 16-17, FAC Exhibit A describing the calls, including the dates and times of the calls, and phone numbers the calls came from, requesting to be put on Defendant eMortgage's internal do not call list, *Id* ¶25, Defendant eMortgage, through its employees and/or agents making multiple unwanted calls and texts to Plaintiff, *Id* ¶ 45, stating Defendant eMortgage through its employees and agents continued to call and text message Plaintiff, *Id* ¶ 50, 57-59, and Defendant Ajami convincing other employees and/or agents of Defendant

eMortgage to continue to call and text message Plaintiff. *Id* ¶ 73. Plaintiff also alleged Defendant eMortgage's agency relationship with Defendant Ajami and both Defendants agency relationship with other eMortgage employees and/or agents. *Id* ¶ 91. Therefore, Plaintiff has specified which Defendants made the communications and which communications violated MHSAA.

Defendants also allege Plaintiff did not allege which statutory provisions of the MHSSA Defendants allegedly violated. The FAC clearly states Defendants violated the requirements of MCLA §445.111c(1)(g). *Id* ¶ 101. Therefore, Plaintiff has specifically alleged the statutory provisions Defendant violated.

Defendants' assertion that MCLA §445.111a requires Plaintiff allege that particular solicitations were received at his residence is incorrect as the statute makes no requirement to plead such. Which solicitations were received by Plaintiff at home, and which ones were not, is a question of material fact for a trial or evidentiary hearing and not an FRCP 12(b)(6) motion.

The remainder of Plaintiff's arguments under this section echo previously stated arguments such as unanswered phone calls, dismissal under the authority in *Dobronski, v. Tobias & Associates,* and unidentified

callers. These arguments have been previously addressed and fail for those same reasons.

Therefore, Plaintiff has stated a valid claim under Michigan's Home Solicitation Sales Act and Count III should not be dismissed.

### C. Plaintiff's Request for Injunctive Relief is Appropriate

Plaintiff's FAC alleges facts that show an immediate threat of ongoing future harm. Plaintiff alleges Defendant Ajami on behalf of Defendant eMortgage continues to make solicitation calls and text messages to Plaintiff. FAC ¶ 15. Plaintiff also shows the calls from Defendants continued as recently as June 18, 2026, Four (4) days prior to filing of the FAC. *Id* Exhibit A.

As such, Plaintiff has plausibly alleged that the conduct is ongoing and likely to continue to occur. Therefore, injunctive relief is appropriate.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendants' motion, grant Plaintiff damages, and an injunction jointly and severally against both Defendants as requested in Plaintiff's FAC, and grant any other such relief that this Honorable Court deems just and proper.

Dated: July 27, 2026

Respectfully submitted:
Gudeman & Associates, P.C.

/s/ Edward J. Gudeman
Edward J. Gudeman (P-14454)
Gudeman & Associates, P.C.
Attorneys for Plaintiff
401 N. Main Street
First Floor
Royal Oak, Michigan 48067
Phone: 248-546-2800
ecf@gudemanlaw.com