**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| RONNIE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>eMortgage Funding, LLC, and<br>Samer Ajami,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-11202 |

**DEFENDANTS' REPLY BRIEF SUPPORTING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiff's Response avoids the pleading deficiencies identified in Defendants' Motion by repeatedly reframing Defendants' arguments into positions never advanced. Defendants do not argue that Plaintiff failed to identify the TCPA generally, failed to use the word "agency," or failed to plead dates and times. Rather, Defendants argue that the FAC fails to plead facts plausibly satisfying the distinct statutory and regulatory claims Plaintiff elected to assert.

**A. Plaintiff's Response Mischaracterizes Defendants' TCPA Pleading Arguments.**

Plaintiff first relies upon *Skinner v. Switzer*, 562 U.S. 521 (2011), for the proposition that "a complaint need not pin plaintiff's claim for relief to a precise legal theory." Resp. at 5. That principle is undisputed, but it has nothing to do with Defendants' Motion. Defendants never argued that Plaintiff was required to identify

a "precise legal theory." Rather, Defendants argued that Plaintiff elected to plead two distinct regulatory causes of action—violations of 47 C.F.R. § 64.1200(c) and violations of § 64.1200(d)—yet still fails to plead facts identifying which alleged communications violated which provision or which factual allegations satisfy the distinct elements of each claim.

Instead, Plaintiff asserts that every communication occurring after December 10, 2025 violated the TCPA because Plaintiff allegedly requested that Defendants stop contacting him. Resp. at 4-5. But the National Do Not Call regulations and the internal do-not-call regulations impose different requirements. Plaintiff never identifies which communications allegedly violated § 64.1200(c), which violated § 64.1200(d), or which allegedly violated both. Merely alleging that all post-December 10 communications violated every TCPA theory asserted does not satisfy Rule 8. Plaintiff also does not address Defendants' argument that the FAC pleads no facts establishing that the statutory prerequisites for a National Do Not Call claim were satisfied before the challenged communications occurred.

B. **No Facts Support Plaintiff's Internal Do-Not-Call Claim.**

Defendants argued that Plaintiff pleaded no facts supporting his conclusory assertion that eMortgage lacked compliant internal do-not-call procedures, employee training, recordkeeping, or compliance systems required by 47 C.F.R. § 64.1200(d).

Plaintiff's only response is that he "cannot make these allegations as prior to discovery, Plaintiff has no way of acquiring these items." Resp. at 8. That argument confirms—not refutes—Defendants' Motion. *Twombly* and *Iqbal* require factual allegations rendering a claim plausible before discovery begins; they do not permit a plaintiff to plead legal conclusions in the hope that discovery will later uncover supporting facts. Plaintiff identifies no employee statement, admission, company policy, regulatory finding, or other factual allegation suggesting that Defendants lacked compliant internal do-not-call procedures. Instead, Plaintiff simply assumes that because additional communications allegedly occurred after his request to stop calling, Defendants necessarily failed to comply with § 64.1200(d).

### C. Plaintiff Mischaracterizes Defendants' Reliance on *Dobronski* and *Wallack*.

Plaintiff next argues that *Dobronski*[1] is distinguishable because Counts I and II are no longer group pleaded. Resp. at 5-6. Defendants cited *Dobronski* not merely because of group pleading, but because Rule 8 requires factual allegations plausibly connecting the challenged communications to the defendants. The FAC continues to attribute numerous communications to unidentified callers—including "Stella Louis," "Dominic," "Lorenzo," "Lend A Loan," and an "unknown eMortgage

[1] Defendants assume this reference to be for *Dobronski v. Tobias & Assocs.*, No. 5:23-CV-10331, 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023).

employee"—without pleading facts establishing who those individuals are, whether they were employed by Defendants, or why their communications should be attributed to either Defendant. Likewise, although Exhibit A to the FAC lists numerous telephone numbers, Plaintiff still pleads no facts explaining how many of those numbers allegedly belong to Defendants.

Plaintiff similarly misstates Defendants' reliance upon *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014). Plaintiff argues that Defendants "cannot claim" Plaintiff failed to satisfy *Wallack* because the FAC includes dates and times of the alleged communications. Resp. at 6-7. But Defendants never argued that Plaintiff failed to plead dates or times. Defendants argued that the FAC lacks factual allegations connecting many of those communications to Defendants or explaining why they violated the TCPA (e.g., calls allegedly made to Plaintiff's California Business Phone Number 424-335-5224). Listing dates, times, and telephone numbers does not cure the absence of factual allegations supporting liability for numerous unidentified callers, missed calls, declined calls, ignored calls, unanswered calls, or unidentified text messages.

### D. No Pleaded Facts Establish Ajami's Individual Liability.

Plaintiff's Response likewise fails to cure the deficiencies regarding Defendant Ajami. Plaintiff again asserts that Ajami controlled unidentified

employees and directed them to contact Plaintiff. Resp. at 10-11. But that simply repeats the same conclusory allegations challenged in Defendants' Motion.

Defendants never argued that Plaintiff failed to use the words "agency" or "control." Rather, Defendants argued that the FAC pleads no facts supporting those legal conclusions. Plaintiff's Response identifies no factual allegation describing Ajami's position within eMortgage, the supervisory authority he allegedly possessed, how he exercised that authority, or the basis for Plaintiff's assertion that unidentified callers acted under Ajami's direction. Plaintiff instead argues only that he need not plead those facts until discovery. As explained in *Visser v. Caribbean Cruise Line, Inc.*, No. 1:13-cv-1029, 2020 WL 415847, at *8-9 (W.D. Mich. Jan. 27, 2020), conclusory allegations that an individual directed or caused allegedly unlawful calls, unsupported by factual allegations demonstrating personal involvement, are insufficient to state a plausible TCPA claim. *See also Lucas v Gotra,* 2019 WL 3349957, at *7 (S.D. Ohio July 25, 2019) (dismissing TCPA against corporate officers where plaintiff alleged they "personally formulated, [or] directed, [or] controlled, [or] had the authority to control, or participated in" the alleged violations). Because they are speculative, bare assertions, the claims against Ajami should be dismissed.

E. **Plaintiff's Response Confirms Count III Suffers from the Same Pleading Deficiencies.**

Plaintiff's Response likewise confirms that Count III merely incorporates the preceding allegations and concludes that Defendants violated Michigan's Telephone Solicitation Act. Plaintiff argues that Count III incorporates the preceding allegations by reference and therefore identifies the communications supporting the claim. Resp. at 11-12. That is precisely Defendants' point. Neither the FAC nor the Response identifies which specific communications allegedly violated MCL 445.111c(1)(g), which Defendant committed those violations, or how the alleged facts satisfy the statutory requirements. Instead, Plaintiff simply incorporates every preceding allegation and concludes that the Michigan statute was violated. Such formulaic pleading fails for the same reasons discussed in Defendants' Motion.

## F. **CONCLUSION**

Plaintiff's Response repeatedly answers arguments Defendants never made while leaving the actual pleading deficiencies unaddressed. For these reasons, and those set forth in Defendants' opening brief, the Motion to Dismiss should be granted.

Date: August 3, 2026

Respectfully submitted,

**eMortgage Funding, LLC, and**
**Samer Ajami**

By: */s/ Nathan H. Lichtenstein*

Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
ARONBERG GOLDGEHN

225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

By: */s/ James J. Sarconi*
James J. Sarconi (P66101)
SMITH & SARCONI PLC
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com

*Attorneys for Defendants.*